IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CANDRA CLARK**                                                                           **PLAINTIFF**

**v.**                                                                **No. 3:21CV219-RP**

**WARDEN CHRIS MCALLISTER**
**SHERIFF KARL GILLARD**
**CHANCERY COURT JUDGE ROBERT Q. WHITWELL**         **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTIONS [20], [23]**
**TO INTERCEDE**

This matter comes before the court on the motions [20], [23] by Candra Clark for the court to "intercede" in her state court child custody case (and in other matters). For the reasons set forth below, the motions will be denied.

First, as to the primary topic of Clark's two motions (terminating her parental rights), the court may not adjudicate any of the plaintiff's domestic relations allegations because:

> "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500 (1890). *See also Mansell v. Mansell,* 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims,* 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern"). So strong is our deference to state law in this area that we have recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 1992).

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13, 124 S. Ct. 2301, 2309, 159 L. Ed. 2d 98 (2004), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). Hence, under the domestic relations exception, the court lacks subject matter jurisdiction over these matters.

Clark's motions are a tangled web of facts and conclusions; however, a few requests outside the domestic relations subject are clear enough to discern. She makes allegations regarding her conditions of confinement in the Harrison County Jail (being maced in the eyes and held in a cold cell). Doc. 23 at 3. She also states that she would like to seek *habeas corpus* relief. *Id*. at 1. These are claims she may pursue in a Section 1983 action (prison conditions) and *habeas corpus* petition (release from jail) in the United States District Court for the Southern District of Mississippi.[1] The rest of the issues in the two motions involve domestic relations matters which, as discussed above, are outside this court's jurisdiction. For these reasons, the instant motions [20], [23] to intercede are **DENIED**.

**SO ORDERED**, this, the 12th day of July, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] Apparently, she broke windows of the Youth Court Building in Gulfport, Mississippi – and broke windows of the employees' cars in the Youth Court parking lot. Doc. 20 at 3. According to Clark, her actions were justified because "I have a right to not grant aid to those enemies of the country, and those people refused to investigate and return my son." *Id*. She also notes that she failed to abide by an agreement which might have paved the way for her see her son by failing to go to 12-step meetings, failing to provide C.P.S. with various records, and failing, generally, to cooperate with C.P.S. This erratic behavior, which she admits (and attempts to justify) in her pleadings and motions, goes a long way towards explaining her current predicament.