IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CANDRA CLARK**                                                                                    **PLAINTIFF**

v.                                                                                              No. 3:21CV219-RP

**WARDEN CHRIS MCALLISTER**
**SHERIFF KARL GILLARD**
**CHANCERY COURT JUDGE ROBERT Q. WHITWELL**                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Candra Clark, who challenges the conditions of her confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when she filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that William Parker Robert, her child's father, and others stole her food stamps and disability check. In addition, they pressed false charges against her, causing her to be held in pretrial detention, when the charges were dropped. During Clark's incarceration, Sheriff Karl Gillard refused to take her before a judge when she requested *habeas corpus* relief. Judge Robert Whitwell did not consider evidence of "lies and manipulations" arising out of allegedly false statements to Child Protective Services staff by Kim Cross Roberts (grandmother) and Brittany Roberts Nelson (aunt) – leading to the removal of Clark's child from her custody. When the plaintiff

"cussed [Judge Whitwell] out for misprision of a felony," he charged her with contempt of court and ordered her to spend 60 days in jail. As relief, Ms. Clark requests: (1) that various judges and other state officials and agencies be charged with kidnapping; (2) that the Tippah County Sheriff and Warden be charged with failing to bring her before a state court regarding her "petition for a writ of *habeas corpus*;" (3) that the court order an investigation into false statements to Child Protective Services by Kim Cross Roberts (grandmother) and Brittany Roberts Nelson (aunt), which led to the removal of Clark's son from her custody; (4) $350,000 in compensatory damages; (5) $1.5 million in damages for mental pain and suffering and slander; (6) that the court bring criminal charges against the people involved in this matter; (7) that the court order Clark's son returned to her; and (8) $20 million for other emotional damages.

## Judicial Immunity

As a judicial officer, defendant Judge Whitwell is cloaked with absolute judicial immunity and must be dismissed from this case. Under the doctrine of judicial immunity, judicial officers are absolutely immune from civil liability for acts performed in the exercise of their judicial function. *Mireles w. Waco*, 502 U.S. 9, 10 (1991). Indeed, "[j]udicial immunity is an *immunity from suit* and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis added). Judicial immunity may be pierced in two circumstances: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bowling v. Roach*, No. 19-41003, 2020 WL 2838622, at *3 (5th Cir. May 29, 2020), *quoting Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Four factors determine whether a judicial officer's actions are judicial in nature: (1) whether the acts are a normal judicial function; (2) whether the

acts occurred in a courtroom or other judicial space; (3) whether the complained-of acts relate to a case pending before the judicial officer; and (4) whether the acts relate directly to an appearance before the judicial officer in his official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).

Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief:

> [I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Judges also enjoy absolute immunity from civil claims for damages in *Bivens* actions. *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012). Absolute judicial immunity even extends to *Bivens* claims for injunctive relief:

> More recently, courts have extended this absolute judicial immunity to *Bivens* suits for injunctive relief. *See, e.g., Bolin v. Story,* 225 F.3d 1234, 1242–43 (11th Cir. 2000); *Mullis v. U.S. Bankr.Ct. for Dist. of Nev.,* 828 F.2d 1385, 1391–94 (9th Cir.1987); *Emerson v. United States,* No. 12–884, 2012 WL 1802514, at *3 (E.D.La. Apr. 30, 2012); *Boyd v. Vance,* No. 09–7643, 2010 WL 235031, at *2 (E.D.La. Jan. 13, 2010); *Wightman v. Jones,* 809 F.Supp. 474, 479 (N.D.Tex. Dec. 7, 1992). In so doing, these courts have cited policy considerations as well as congressional amendments to Section 1983 law extending immunity against such claims to suits for injunctive relief in most circumstances. *See, e.g., Wightman,* 809 F.Supp. at 476–79.

*Thibodeaux v. Africk*, No. CIV.A. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014).

Our sister court in the Southern District has come to the same conclusion, holding, "judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief." *Edmonson v. Lee*, No. 3:08CV149-LTS, 2008 WL 2080912, at *3 (S.D. Miss. May 9, 2008). This court also recognizes absolute judicial immunity for all types of suits, whether grounded in law or equity. For these reasons, Judge Whitwell is dismissed with prejudice from the instant case.

**No Duty to Bring Plaintiff Before the Court**

For a plaintiff to state a valid claim under § 1983, she must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). The plaintiff has not alleged that defendants Warden Chris McAllister or Sheriff Karl Gillard were required by statute or court order to bring her before the state court as a result of her petition for a writ of *habeas corpus*. As these defendants had no duty to bring her before the court, her allegation that they failed to do so will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Domestic Relations Issues Are Not an Appropriate Subject for Federal Courts**

The court may not adjudicate any of the plaintiff's domestic relations allegations. As the Supreme Court has held for more than a century,

> "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–594, 10 S.Ct. 850, 34 L.Ed. 500 (1890). *See also Mansell v. Mansell,* 490 U.S. 581, 587, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims,* 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) ("Family relations are a traditional area of state concern"). So strong is our deference to state law in this area that we have recognized a "domestic relations exception" that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 1992).

*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13, 124 S. Ct. 2301, 2309, 159 L. Ed. 2d 98 (2004), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). Hence, the plaintiff's domestic relations claims will be dismissed for want of subject matter jurisdiction under the domestic relations exception.

**Private Actors Are Not Proper Defendants Under 42 U.S.C. § 1983**

The plaintiff alleges that her child's father and others, private actors, conspired to violate her constitutional rights (by taking her government benefits and removing her son from her custody). The Fifth Circuit has outlined the rule to follow to determine whether private actors may be sued under 42 U.S.C. § 1983:

> In order to hold [private actors] liable on [a] Section 1983 claim, they must have engaged in a conspiracy with state actors to violate [the plaintiff's] constitutional rights. *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994). To make such a claim actionable, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated. *Id.* A plaintiff must "allege specific facts to show an agreement." *Priester v. Lowndes County,* 354 F.3d 414, 421 (5th Cir. 2004).

*Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008.) Ms. Clark has not alleged facts showing that her child's father and others conspired with state actors to steal her food stamps and disability check. In addition, though she alleges that Ms. Roberts and Ms. Nelson gave false statements to Child Protective Services; these two are private citizens, not state actors. She has thus not alleged facts giving rise to a claim that these private actors conspired with state actors, only that they passed false information to state actors.[1] For these reasons, the plaintiff's claims against the private defendants must be dismissed, as they are not state actors.

## Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. Judge Whitwell enjoys absolute judicial immunity from suit, and the plaintiff's claims against Sheriff Karl Gillard and Warden Chris McAllister do not

---

[1] Ms. Clark does request that the court order that various judges and other state actors be charged with kidnapping. Doc. 10 at 5. However, she has alleged no facts to support a charge of kidnapping, and the court, as part of the judicial branch, is without authority to order that criminal charges be brought against any defendant.

state a valid claim under 42 U.S.C. § 1983. Though not listed as defendants, the various family members are private actors (not state actors) and thus not proper defendants under § 1983. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of July, 2022.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE