IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CANDRA CLARK**                                                   **PLAINTIFF**

**v.**                                                  **No. 3:21CV219-RP**

**WARDEN CHRIS MCALLISTER**
**SHERIFF KARL GILLARD**
**CHANCERY COURT JUDGE ROBERT Q. WHITWELL**        **DEFENDANTS**

**ORDER OF RECUSAL**

For the reasons set forth below, the presiding judge will recuse himself from this case.

**Standard for Recusal**

The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted). In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir.1981). A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial source – or if they demonstrate such a high degree of

animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

    In this case, the presiding judge was the complainant in a criminal case in which Ms. Clark was the defendant. As a reasonable person with knowledge of the facts would conclude that the judge's impartiality might be questioned. As such the undersigned **RECUSES** himself from this case. The Clerk of the Court is **DIRECTED** to assign this case to another judge.

    **SO ORDERED**, this, the 24th day of April, 2024.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE